IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| VS | : 3:CR-99-035 |
| | : 3:CV-02-0102 |
| RASHIED MALIK SHABAZZ McKINES-EL | : (CHIEF JUDGE VANASKIE) |
| | : |

## MEMORANDUM

Defendant Rashied Malik Shabazz McKines-El has moved pursuant to 28 U.S.C. § 2255 to challenge the validity of his drug trafficking conviction by guilty plea and ensuing 204-month prison term.  He claims ineffective assistance of counsel in failing to raise on appeal (a) the appropriateness of a two-point enhancement in his offense level under United States Sentencing Guideline ("U.S.S.G.") § 3B1.4 for his acknowledged use of a minor in connection with a drug trafficking conspiracy in light of Amendment 591 to the Sentencing Guidelines; (b) the constitutionality of congressional treatment of crack cocaine offenses on the grounds that such treatment is intended to benefit minority communities; and (c) the inclusion of certain misdemeanor offenses in calculating his criminal history score under the sentencing guidelines. More than one year after filing his § 2255 motion, Defendant sought to add an ineffective assistance of counsel claim based upon the amount of crack cocaine attributed to him for sentencing purposes.  He later presented a claim based upon Blakely v. Washington, 124 S. Ct.

2531 (2004). Because, Defendant is not entitled to relief on any of the claims presented, his § 2255 motion will be denied.

## I. BACKGROUND

On February 11, 1999, Defendant was indicted by a federal grand jury in this District on drug trafficking charges. A superseding indictment was returned on May 25, 1999. Defendant was charged in Count I of the Superseding Indictment with conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846. Count II charged Defendant with possession with intent to distribute in excess of 50 grams of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Counts IV and V charged defendant with use of individuals under the age of 18 to conspire to distribute and possess with intent to distribute crack cocaine from July of 1998 through October of 1998, in violation of 21 U.S.C. § 861(a)(1).

In response to the charges, Defendant assiduously contested this Court's authority over him, claiming that as a member of the Moorish Resurrection Science Temple of America, Inc., he was not subject to federal court jurisdiction. He also argued, relying on Dred Scott v. Sandford, 60 U.S. 393 (1856), that he was not subject to prosecution for a violation of federal law. His challenge to this Court's jurisdiction was rejected, and the matter was scheduled for trial, commencing on April 3, 2000.

On the date set for jury selection Defendant entered a conditional plea of guilty to the conspiracy charge in Count I of the Superseding Indictment. The guilty plea was entered pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure so as to preserve Defendant's right to challenge on appeal the existence of federal court jurisdiction.

With respect to the determination of Defendant's sentence under the United States Guidelines, Defendant's written plea agreement provided:

> [T]he United States and the Defendant agree to recommend as follows:
>
> (a) That the conspiracy the defendant was involved in distributed in excess of 50 grams of cocaine base (crack), and the possession with intent to distribute that amount of cocaine base (crack) was reasonably foreseeable to the defendant and taken in furtherance of the jointly undertaken criminal activity.
>
> (b) [That] [t]he defendant receive a two level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. 2D1.1(b)(1).
>
> (c) That the defendant receive a two level enhancement for using a minor to commit the offense pursuant to U.S.S.G. 2B1.4[1]

The 1998 edition of the Guidelines Manual was used to determine Defendant's guideline sentencing range. Consistent with the parties' stipulation in the plea agreement, Defendant was assigned a base offense level under U.S.S.G. § 2D1.1(c)(4) of 32 based upon

---

[1] The plea agreement's reference to U.S.S.G. § 2B1.4 was in error as there is no such guideline section. Instead, it is evident that the parties had intended to cite U.S.S.G. § 3B1.4, which provides for a two point enhancement in the offense level for using a person less than 18 years of age to commit a crime.

3

his acknowledgment that his offense involved more than 50 but less than 150 grams of cocaine base.[2]  Two levels were added pursuant to U.S.S.G. § 2D1.1(b)(1) because a firearm was possessed in connection with the drug conspiracy, and an additional two levels were added pursuant to U.S.S.G. § 3B1.4 based upon Defendant's admission that he used juveniles to assist in the distribution of the crack cocaine.  The Presentence Investigation Report recommended only a two point reduction in offense level for acceptance of responsibility in light of the fact that his guilty plea was entered on the date scheduled for trial.  Thus, the probation officer determined that the net offense level should be 34.  Defendant had 8 criminal history points, placing him in criminal history category IV.  The probation officer further found, however, that Defendant qualified as a career offender based upon two prior felony convictions for controlled substance offenses.  Consequently, in accordance with U.S.S.G. § 4B1.1, Defendant's offense level was set at 35 (after a decrease of two levels for acceptance of responsibility) and his criminal history category was set at VI, resulting in a guideline imprisonment range of 292 to 365 months.

Defendant was sentenced on October 27, 2000.  At the sentencing hearing, Defendant was granted the additional one point reduction in offense level based upon acceptance of responsibility.  Moreover, Defendant's request for a downward departure on the

---

[2]During the plea colloquy the parties acknowledged that the amount of drugs attributable to Defendant for sentencing purposes was more than 50 but less than 150 grams of crack cocaine.  (April 3, 2000 Tr. at 15-16.)

4

ground that the career offender designation substantially over-represented the seriousness of Defendant's past criminal conduct was granted. As a result, Defendant's offense level was set at 33 and his criminal history category was set at level IV, producing a guideline imprisonment range of 188 to 235 months. A sentence of 204 months in prison was imposed in light of sentences imposed on co-defendants and to give recognition to Defendant's leadership role in the offense. (Oct. 27, 2000 Tr. at 18.)

Defendant timely appealed the final judgment. Defense counsel filed an <u>Anders</u> brief. Defendant renewed his challenge to the existence of federal court jurisdiction. In an unpublished opinion filed on August 7, 2001, the Third Circuit summarily rejected Defendant's challenge to the existence of federal court jurisdiction. In addition, the Third Circuit found without merit Defendant's <u>pro se</u> challenge to the constitutionality of crack cocaine legislation. Finally, the Third Circuit concluded that the record was insufficient to evaluate Defendant's <u>pro se</u> claim that counsel had been ineffective by allowing him to enter into a plea agreement stipulating that more than 50 grams of crack cocaine were attributable to him when, according to Defendant, the Government could prove only 46 grams. Defendant did not file a petition for a writ of certiorari with the United States Supreme Court. Defendant's conviction became "final" for purposes of pursuing a § 2255 motion on or about November 29, 2001, when the time for seeking certiorari review in the Supreme Court expired.

On January 22, 2002, Defendant timely filed his § 2255 motion, raising three grounds for relief: (1) ineffective assistance of counsel in failing to raise on appeal the possible impact of Sentencing Guidelines Amendment 591; (2) ineffective assistance of sentencing counsel in not challenging the constitutionality of the crack cocaine laws; and (3) ineffective assistance of sentencing counsel with respect to the inclusion of misdemeanors in the computation of the Defendant's criminal history score.  By Order filed on January 31, 2002, Defendant was directed to inform the Court whether he elected to have the Court rule on his motion as filed or withdraw the motion with the understanding that he could file "one, all-inclusive motion under 28 U.S.C. § 2255 within the one-year limit for filing such a motion." (Dkt. Entry 125.)  Defendant elected to have the Court rule on his motion as presented.  (Dkt. Entry 126.)

By Order dated September 4, 2002, the Government was directed to respond to the § 2255 motion.  The Government timely answered the motion on September 24, 2002.  (Dkt. Entry 134.)  Defendant filed a traverse on October 11, 2002.  (Dkt. Entry 135.)

On April 1, 2003, more than one year after the conviction became final for purposes of filing a § 2255 motion, Defendant moved for leave to amend his § 2255 motion to add a claim that defense counsel had been ineffective in allowing Defendant to stipulate that more than fifty grams of crack cocaine were involved in the conspiracy when the Government could prove no more than 44.15 grams.  (Dkt. Entry 137.)  The Government, on April 28, 2003, filed a brief in opposition to the motion to amend, challenging the claim's timeliness under the one-year

limitations period set forth in 28 U.S.C. § 2255, as well as its substantive merit.  (Dkt. Entry 139.)  Defendant filed a reply brief on May 16, 2003.  (Dkt. Entry 140.)

On July 27, 2004, Defendant filed a second motion for leave to supplement his § 2255 motion, this time asserting that under Blakely his offense level could not be enhanced for weapons possession or use of a minor to distribute crack cocaine.  (Dkt. Entry 152.)  By Order dated August 2, 2004, the Government was directed to respond to this additional argument.  The Government did so on August 20, 2004 (Dkt. Entry 154), and Defendant filed a reply brief on November 1, 2004.  (Dkt. Entry 156.)

## II. DISCUSSION

Defendant's section 2255 motion initially presented three claims of ineffective assistance of counsel.  Such claims are assessed under the familiar two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense . . . .  Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Of course, neither prong of the Strickland test can be satisfied where the issue or claim the defendant insists should have been presented by allegedly ineffective counsel is found to be without merit.  See Parrish v. Fulcomer, 150 F.3d 326, 328-29 (3d Cir. 1998); Moore v. Deputy

Commissioners of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991).  Stated otherwise, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit."  Singletary v. Blaine, 89 Fed. Appx. 790, 794 (3d Cir. 2004).

### A.  Failure to Raise the Effect of Amendment 591

The import of Sentencing Guidelines Amendment 591 insofar as it pertains here was succinctly articulated by Judge Farnan in United States v. Thomas, No. Cr. A. 89-99-1 JJF, 2002 WL 32332750, at *1 (D. Del. May 21, 2002):

> The purpose of Amendment 591 was to resolve a conflict among the Courts of Appeals as to whether the enhanced penalties in Section 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) of the Guidelines applied only in cases in which the defendant was convicted of an offense corresponding to that Guideline, or whether it applied in any case, regardless of the underlying conviction, if the defendant's relevant conduct included drug sales occurring in a protected location or involving a protected person.  Effective November 1, 2000, Amendment 591 provided that the Section 2D1.2 penalties only applied if the defendant was convicted of an offense corresponding to that Guideline provision.  Specifically, Amendment 591 revised the Guidelines to require the Court to use the offense of conviction to determine the applicable starting provision for sentencing under the Guidelines.  Stated another way, the Court must refer to the Statutory Index in the Appendix to the Guidelines, locate the statutory basis for the offense of conviction and select the Guideline corresponding to that offense of conviction.

In the case of a drug trafficking offense in which the accused involved a person less than 18 years of age, § 2D1.2 provides a base offense level of the greater of 26 or "2 plus the offense level from § 2D1.1 applicable to the quantity of controlled substances directly involving

. . . an underage . . . individual . . . ." Section 2D1.2 specifically applies to 21 U.S.C. § 861, which prohibits employment or use of persons under the age of 18 in drug operations. In this case, Defendant had been charged in two separate counts with violating 21 U.S.C. § 861(a)(1). Defendant, however, pled guilty to the charge of conspiring to distribute in excess of 50 grams of crack cocaine. Claiming that he nonetheless received a two-level enhancement for this conduct, Defendant argues that his appellate counsel was ineffective in failing to assert the applicability of Amendment 591, which went into effect a few days after Defendant was sentenced.

      The unsound premise of Defendant's argument is that his offense level was enhanced under § 2D1.2. It was not. Instead, consistent with the count of conviction, the base offense level was established pursuant to U.S.S.G. § 2D1.1. Amendment 591 restricted the sentencing court to examining the facts pertinent to the offense of conviction only for the purpose of determining the applicable guideline section as the starting point for determination of the base offense level. Amendment 591 did not prohibit the sentencing court from considering relevant conduct outside the parameters of the offense of conviction for the purpose of determining other sentencing factors, such as adjustments required in Chapter 3 of the Guidelines Manual. See United States v. Hurley, 374 F.3d 38, 40-41 (1st Cir. 2004); United States v. Draper, 108 Fed. Appx. 555 (9th Cir. 2004) ("While Amendment 591 limits the use of uncharged conduct in the initial selection of the applicable guideline, all relevant conduct should

be considered at subsequent stages of the sentencing process."); United States v. Sims, 82 Fed. Appx. 403, 404 (5th Cir. 2003) ("Amendment 591 applies to the determination of the appropriate Chapter Two offense guideline section, and it is irrelevant to the determination of base (or specific) offense levels within the applicable offense guideline section or to any consideration of relevant conduct."). As recognized in United States v. Rivera, 293 F.3d 584, 586 (2d Cir. 2002), Amendment 591 did not impact U.S.S.G. § 1B1.2 and § 1B1.3(a), which direct the court to consider relevant conduct in assessing the applicability of specific offense characteristics.

In this case, Defendant's plea agreement stipulated that a two level enhancement for using a minor to commit the offense was warranted. Effective November 1, 1995, section 3B1.4 of the Sentencing Guidelines required a two level enhancement where the defendant "used or attempted to use a person less than 18 years of age to commit the offense . . . ." Although the practical impact on Defendant's sentence may have been the same as if § 2D1.2 had been used in this case, the fact remains that Amendment 591 did not preclude consideration of relevant conduct in determining the applicability of a Chapter 3 enhancement.[3]   Accordingly,

---

[3]Indeed, it may be that § 2D1.2 could have been applied here even after Amendment 591. Application Note 1 to § 2D1.2 was amended by Amendment 591 to provide that § 2D1.2 "applies only in a case in which the defendant is convicted of a statutory violation of drug trafficking . . . involving an underage . . . individual . . . or in a case in which the defendant stipulated to such a statutory violation." (Emphasis added.) Amendment 591 revised § 1B1.2(a) to provide that "in the case of a plea agreement (written or made orally on the record)
(continued...)

10

because Amendment 591 did not preclude the two-level enhancement for use of a minor to commit the offense under U.S.S.G. § 3B1.4, appellate counsel cannot be regarded as ineffective for having failed to raise the issue.

### B. Failure to Challenge the Constitutionality of Federal Crack Cocaine Legislation

Defendant's second claim for relief is that "counsel was ineffective for failure to challenge and allowing [Defendant] to be sentenced under an unconstitutional law." (Mem. of Law in Supp. of § 2255 Mot., Dkt. Entry 132, at 3.)  Defendant goes on to assert that federal crack cocaine legislation is unconstitutional because it was "based on Congress intentions to help the minority neighborhoods." (Id.)  Although this particular claim may not have been pursued by defense counsel, it was raised by Defendant in a pro se brief he filed with the Third Circuit.  The appellate court addressed Defendant's argument as follows:

> [Defendant] argues that Congress acted contrary to the Constitution by passing legislation to benefit a particular race, specifically 'crack laws . . . designed to save Black communities.' Pro Se Br. at 19. While it does not appear that we have examined crack cocaine laws from this particular angle, we have upheld the constitutionality of crack cocaine statutes and sentencing guidelines against similar

---

³(...continued)
containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter 2 most applicable to the stipulated offense."  Defendant's explicit acknowledgment in ¶ 19(c) of the Plea Agreement that a minor was used to commit the offense would appear to have authorized a two level enhancement under § 2D1.2 even after Amendment 591.  See United States v. Jackson-Bey, 302 F. Supp. 2d 621, 626 n.10 (E.D. Va. 2004).

11

> challenges. United States v. Frazier, 981 F.2d 92, 95 (3d Cir. 1992)
> (holding that distinctions between crack cocaine and cocaine powder
> for sentencing purposes do not constitute an equal protection
> violation); United States v. Alton, 60 F.3d 1065, 1069 n.7 (3d Cir.
> 1995) (noting that 'federal courts have uniformly upheld the statutory
> and guideline penalties for crack cocaine against due process, equal
> protection, and cruel and unusual punishment claims'). We do so
> again here, and reject [Defendant's] argument.

A section 2255 motion generally may not be used to re-litigate questions that were raised and considered on direct appeal. See United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). An individual may not circumvent this general rule by clothing a previously-litigated substantive claim in ineffective assistance of counsel garb. Because the underlying claim has been rejected, Defendant cannot establish ineffective assistance of counsel.

### C. Failure to Challenge Use of Misdemeanors in Determining Criminal History Score

The final claim raised in the original § 2255 motion was counsel's purported ineffective assistance by allowing Class B Misdemeanors to be used in calculating Defendant's criminal history score. (Mem. of Law in Supp. of § 2255 Mot., Dkt. Entry 132, at 5.) As observed by the Government in its response to the § 2255 motion, this claim appears to be premised upon Defendant's misunderstanding of the scope of U.S.S.G. § 1B1.9, which provides that "[t]he sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or infraction." Section 1B1.9 makes clear that sentences for a Class B or C misdemeanor are not determined by application of the sentencing guidelines provisions.

12

Section 1B1.9, however, has nothing to do with determining criminal history score or determining the guideline imprisonment range for a felony. Section 4A1.2 makes clear that, with limited exceptions, sentences for misdemeanors must be counted in determining a defendant's criminal history category. None of Defendant's prior sentences fall within the limited number of misdemeanors that are not to be counted for criminal history scoring purposes. Indeed, all of the prior sentences included in the calculation of Defendant's criminal history score involved controlled substances. Accordingly, this claim of ineffective assistance of counsel also lacks merit.

### D. First Motion to Amend – Drug Quantity Stipulation

Defendant caused to be filed on April 1, 2003 a motion for leave to amend his § 2255 motion in order to present a claim that counsel had been ineffective in advising Defendant to admit that the conspiracy in question involved more than 50 grams of cocaine base even though the Government could prove no more than approximately 45 grams of crack. As pointed out by the Government, Defendant's motion to amend was filed well after the one-year limitations period set forth in 28 U.S.C. § 2255 had expired. Specifically, the limitations period expired on or about November 29, 2002, one year after the deadline for petitioning the Supreme

Court for certiorari review had passed. The Government argues that Defendant's additional claim of ineffective assistance of counsel should be rejected as untimely.[4]

In <u>United States v. Duffus</u>, 174 F.3d 333 (3d Cir. 1999), <u>cert</u>. <u>denied</u>, 528 U.S. 866 (1999), our Court of Appeals ruled that a district court had not abused its discretion in denying leave to amend a § 2255 motion to assert an additional claim of ineffective assistance of counsel when leave to amend had been sought after the one-year limitations period had expired. In <u>United States v. Thomas</u>, 221 F.3d 430 (3d Cir. 2000), our Court of Appeals held that "a District Court may, in its discretion, permit an amendment to a [§ 2255] petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed <u>and the petitioner does not seek to add an entirely new claim or new theory of relief</u>." <u>Id</u>. at 436 (emphasis added). An amendment that merely clarifies or amplifies a previously asserted claim is said to "relate back" to the time of the filing of the original claim. The dispositive question here, therefore, is whether Defendant's April 1, 2003 motion seeks "to add an entirely new claim or new theory of relief," which is not deemed to relate back to the timely filed § 2255 motion. <u>Id</u>.

---

[4] It is evident that Defendant was aware of the factual basis for this claim when he filed his original § 2255 motion as Defendant had presented an analytically indistinguishable claim to the Court of Appeals. <u>See</u> <u>United States v. Shabazz-McKines-El</u>, No. 00-3736, slip. op. (3d Cir. Aug. 7, 2001). Thus, there is no basis for an assertion that the claim is premised upon newly discovered evidence. Nor are grounds for equitable tolling suggested here.

"[F]or an untimely § 2255 claim to 'relate back . . ., the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings.'" Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000), cert. denied, 532 U.S. 907 (2001).  Nor does the assertion of a particular alleged instance of ineffective assistance of counsel grant license to assert an independent instance of ineffective assistance of counsel after the limitations period has expired.  Thus, for example, in Duffus, the timely filed § 2255 motion had asserted ineffective assistance of counsel for failing to challenge the sufficiency of the evidence and failing to object at sentencing to use of a recently amended guideline, while the post-limitations period motion sought to add a claim of ineffective assistance of counsel for failure to move to suppress certain evidence.  Our Court of Appeals indicated that the post-limitations motion sought to add an entirely new claim so that the relation back doctrine was inapplicable.  174 F.3d at 337.  In Davenport, the timely § 2255 motion asserted that defense counsel "was ineffective for not objecting that the drugs Davenport had were not 'crack cocaine,' . . . for not objecting to the drug weight as improperly including certain moisture content, and for not asserting that the government allowed its witness to perjure himself by claiming he expected no benefit." 217 F.3d at 1346.  The post-limitations motion for leave to amend asserted ineffective assistance of counsel in "(1) allowing Davenport to be sentenced based on three grams of cocaine that were not part of the same course of conduct as the other forty-nine grams of cocaine, (2) relying on a summary lab report instead of

15

requesting the complete lab report, and (3) failing to advise him that a plea agreement might be possible." Id. The court ruled that the three new claims were distinct from the original alleged instances of ineffective assistance of counsel, and thus affirmed the district court's determination that the three new claims were time-barred. Id.

In this case, none of Defendant's timely-asserted claims concerned the weight of drugs to be attributed to him for sentencing purposes. Indeed, Defendant's original motion did not take issue with the base offense level in this case, but concerned only the two level enhancement for involvement of a minor, the constitutionality of federal crack cocaine laws, and the criminal history score. Plainly, Defendant now seeks to add an entirely new claim. In accordance with Duffus and Thomas, the new claim does not relate back to the originally-filed section 2255 motion and must be denied as untimely. See United States v. Morris, Nos. Civ.A. 01-4268, Crim. A. 98-133-0101-4, 2002 WL 523881 (E.D. Pa. April 8, 2002).[5]

### E. The Blakely Claim

On July 27, 2004, Defendant moved again for leave to amend his § 2255 motion, this time to assert a claim based upon Blakely. Specifically, Defendant asserted that he was entitled to have submitted to a jury and decided beyond a reasonable doubt the question of

---

[5]In any event, Defendant's claim lacks substantive merit. As the Government points out, there was ample evidence that the conspiracy involved more than 50 grams of cocaine base, including the likely testimony of co-conspirators who had already pled guilty. In addition, Defendant himself submitted a handwritten statement that implicated him in the distribution of more than 100 grams of crack cocaine.

16

whether a firearm had been employed in connection with the drug trafficking crime as well as whether he had employed a minor in the distribution of crack cocaine. The Government responded to this claim by asserting that it, too, was time-barred.

Consistent with the foregoing analysis, it is clear that the Blakely claim is a new one that does not relate back to the original § 2255 motion. The limitations period, however, may begin to run anew from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." 28 U.S.C. § 2255, ¶ 6(3). Blakely was decided only a few weeks before Defendant moved to supplement his § 2255 motion. As to the Blakely claim, therefore, the dispositive question is whether the holding in Blakely, made applicable to the federal sentencing guidelines in United States v. Booker, 125 S.Ct. 738 (2005), has been held to be applicable to cases on collateral review.

Recently, our Court of Appeals addressed this issue in the analogous context of determining whether a second or successive § 2255 motion may be allowed. See In re: Olopade, ___ F.3d ___, No. 05-1617, 2005 WL 820550 (3d Cir. April 11, 2005). The issue in the context of a second or successive § 2255 motion is whether the claim presented rests on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255, ¶ 8(2). Our Court of Appeals, consistent with every other Court of Appeals to have considered the issue, concluded

17

that the Supreme Court's sentencing decisions do not apply retroactively to cases on collateral review. Olopade is controlling in this context, as well.  Accordingly, Defendant is not entitled to consideration of his claim based upon Blakely and/or Booker.[6]

### III.     CONCLUSION

For the reasons set forth above, Defendant's § 2255 motion will be denied.  An appropriate Order follows.

 

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

---

[6] In light of the fact that Defendant stipulated to the enhancements for weapons and use of a minor, it is doubtful that Blakely applies here at all.  Blakely held that "[a]ny fact ( other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756.  Here, Defendant admitted the facts that resulted in the sentencing enhancements.  In any event, consistent with Olopade, Defendant's claim based upon Blakely will be dismissed without prejudice in the event that the Supreme Court makes Blakely and/or Booker retroactive to cases on collateral review.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| VS | : 3:CR-99-035 |
| | : 3:CV-02-0102 |
| RASHIED MALIK SHABAZZ McKINES-EL | : (CHIEF JUDGE VANASKIE) |
| | : |

**O R D E R**

**NOW, THIS 26th DAY OF APRIL, 2005,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1. Defendant's Motion under 28 U.S.C. § 2255 (Dkt. Entry 124) is **DENIED**.

    2. Defendant's First Motion for Leave to Amend his § 2255 Motion (Dkt. Entry 137) is **DISMISSED AS TIME-BARRED**.

    3. Defendant's Claim based upon Blakely v. Washington, asserted in his second motion for leave to amend (Dkt. Entry 152), is **DISMISSED, WITHOUT PREJUDICE**.

    4. Defendant's Motion for Appointment of Counsel (Dkt. Entry 136) is **DENIED**.

    5. The Clerk of Court is directed to mark this matter and the related Civil Action (No. 3:CV-02-0102) **CLOSED**.

6. There is no basis for the issuance of a Certificate of Appealability.

                                                  **s/ Thomas I. Vanaskie**
                                                  Thomas I. Vanaskie, Chief Judge
                                                  Middle District of Pennsylvania